UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAKIR ADDAE SMITH,

    Plaintiff,

    v.                                                                                CAUSE NO. 3:24-CV-989-CCB-SJF

WESTVILLE CORRECTION, et al.,

    Defendants.

## OPINION AND ORDER

Shakir Addae Smith, a prisoner without a lawyer, filed a vague complaint regarding the adequacy of his medical care while incarcerated at the Westville Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Smith alleges that he had a lesion on his right big toe and Health Services Administrator Livers had him seeing an outside orthopedic specialist for this condition. Anne-Marie Spencer, RN, decided that Smith should see her instead, and she allegedly refused to pass Smith's concerns on to HSA Livers. During this time, Smith reports that

he started getting sick, although he does not describe his symptoms. Nicole Bridegroom then became the Health Services Administrator, and Smith told HSA Bridegroom that he was due to see the orthopedic specialist. HSA Bridegroom had Smith see Dashita Patel, a nurse practitioner. NP Patel wanted to change Smith's bandage. His next allegations are confusing. He alleges that "I come into medical where it was discovered that a nurse (NP Patel or RN Spencer) falsified. Enters into computer which was discovered by RN Kelly Barlow and RN Tina F. Willoughby." ECF 1 at 3. Nurses Barlow and Willoughby advocated to have Smith seen at a hospital, where it was discovered that "osteo had set in." *Id.* His big toe was amputated.

Smith is suing Nicole Bridegroom, RN, Anne-Marie Spencer, RN, and Dashita Patel, NP. He is also suing Westville Correctional and Centurion Health. He seeks monetary damages and revocation of the nurses' licenses.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the

2

defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Negligence does not state a claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Negligence or medical malpractice do not constitute deliberate indifference).

Smith does not provide any dates in his complaint. It is clear he was unhappy that HSA Bridegroom referred him to NP Patel instead of sending him to an outside orthopedic doctor, but that alone does not amount to deliberate indifference. Smith believes something was falsified by NP Patel or Nurse Spencer, but he does not say what was allegedly falsified or how the allegedly falsified information shows deliberate indifference to his medical needs. Smith may not have received the best care possible, but he was not entitled to exceptional care. At most, his complaint suggests the nursing staff was negligent, but negligence is not enough to allow Smith to proceed on an Eighth Amendment claim for constitutionally inadequate medical care.

Smith has also named Westville Correctional as a defendant. Smith cannot proceed against the Westville Correctional Facility because it is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Additionally, Smith named Centurion Health as a defendant. A private company performing a public function can be held liable if its own policies caused an alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Smith has not alleged facts from which it can be plausibly inferred that Centurion Health had any policy that resulted in a violation of his constitutional rights. Therefore, he may not proceed against Centurion Health.

The complaint is short on facts, dates, and specifics about the medical treatment he has received. Based on what it does say, it is not plausible to infer that he received constitutionally in adequate medical care. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the

4

complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Smith believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form[1] which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

---

[1] Pursuant to N.D. Ind. L.R. 7-6, the court requires he use the **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form.

5

(1) **GRANTS** Shakir Addae Smith until **April 29, 2025**, to file an amended complaint; and

(2) **CAUTIONS** Shakir Addae Smith if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 26, 2025.

                                                  s/ Cristal C. Brisco  
                                                  CRISTAL C. BRISCO, JUDGE  
                                                  UNITED STATES DISTRICT COURT