UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHAKIR ADDAE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>WESTVILLE CORRECTION, et al.,<br><br>Defendants. | CAUSE NO. 3:24-CV-989-CCB-SJF |

## OPINION AND ORDER

Shakir Addae Smith, a prisoner without a lawyer, filed an amended complaint regarding the adequacy of his medical care while incarcerated at the Westville Correctional Facility. ECF 11. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Smith alleges that he had an ulcer on his right big toe and Health Services Administrator Livers arranged for Smith's condition to be treated by an outside orthopedic specialist from April 2022 through August 2022. The ulcer closed under the specialist's care, and the specialist indicated that Smith should return

for a follow up appointment in a few months. The specialist also told Smith that, if he had any problems, he should let the medical staff know.

By December 2022, the ulcer appeared to be opening again. He came to the medical department for a routine dressing change and asked Anne-Marie Spencer, RN, to pass a message on to HSA Livers about the ulcer opening again. Nurse Spencer declined to pass the message along, indicating that she could handle the matter herself.

Nicole Bridegroom replaced Livers as the Health Services Administrator. On January 18, 2023, Smith saw HSA Bridegroom and she took a culture from the ulcer. When the results were returned, HSA Bridegroom sent Smith to see an outside physician. The physician asked about his treatment plan and ordered an MRI. Following the MRI, Smith learned that he had osteomalitis.[1] While the condition could have been treated with IV antibiotics, the doctor felt that an amputation was the safer course, so the toe was amputated. The physician indicated that, if the prison's medical staff had caught the condition sooner, Smith may have had a better outcome.

Smith is suing the same individuals he named in his earlier complaint: Nicole Bridegroom, RN, Anne-Marie Spencer, RN, and Dashita Patel, NP. He is also suing Westville Correctional, which was likewise listed as a defendant in his earlier complaint. He seeks monetary damages and an order preventing the nurses from practicing within the IDOC.

---

[1] This appears to be a reference to osteomyelitis, which is "a serious infection that happens when bacteria or fungi infect your bone marrow." https://my.clevelandclinic.org/health/diseases/osteomyelitis-bone-infection (last visited Sept. 15, 2025).

As previously explained (ECF 8 at 2-3), under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Negligence does not state a claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Negligence or medical malpractice do not constitute deliberate indifference).

Smith is suing HSA Bridegroom, but the amended complaint alleges only that she took a biopsy of his ulcer upon their first meeting and, when she obtained the results, had him referred to an outside provider for further treatment. He is suing Nurse Anne-Marie Spencer, but he alleges only that she failed to pass information on to HSA Livers because she felt she could handle treating Smith's ulcer herself. It cannot be plausibly inferred from these allegations that either HSA Bridegroom or Nurse Spencer was deliberately indifferent to Smith's medical needs. Smith may not have received the best care possible, but he was not entitled to exceptional care. At most, his amended complaint (like his earlier complaint) suggests that HSA Bridegroom and Nurse Spencer may have been negligent. The court has already explained that negligence is not enough to allow Smith to proceed on an Eighth Amendment claim for constitutionally inadequate medical care.

Smith also named Dashita Patel as a defendant, but the body of the complaint does not mention Patel. Because the amended complaint does not allege any personal involvement on the part of Patel, he cannot proceed against her.

Smith has also named Westville Correctional as a defendant. As already explained (ECF 8 at 4), Smith cannot proceed against the Westville Correctional Facility because it is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Smith was warned that "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." ECF 8 at 5 (quoting *Swanson v.*

4

*Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original)). This court's earlier screening order pointed out the deficiencies in Smith's allegations against HSA Bridegroom, Nurse Spencer, Nurse Practitioner Patel, and Westville Correctional Facility, and it granted Smith an opportunity to address those deficiencies. The amended complaint does not adequately address the deficiencies pointed out in the earlier screening order. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

SO ORDERED on September 17, 2025.

      /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT